UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ANNIE C. ROZIVKA                                              PLAINTIFF

V.                        NO. 4:17CV00070-JM-JTR

NANCY A. BERRYHILL,
Acting Commissioner,
Social Security Administration                                DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction:

Plaintiff, Annie C. Rozivka, applied for disability income benefits and supplemental security income benefits on May 30, 2012, alleging a disability onset date of February 8, 2012, which was also the date of an unfavorable decision from a prior application. (Tr. at 12, 107). After conducting a hearing on June 6, 2013, the Administrative Law Judge ("ALJ") denied Rozivka's application, in a decision dated

February 21, 2014. (Tr. at 107-118). The Appeals Council remanded the case to the same ALJ with the following instructions (Tr. at 125-126):

> 1) consider whether good cause exists to reopen the prior unfavorable decision issued on February 8, 2012, in accordance with HALLEX I-2-9-40;
>
> 2) consider evidence submitted after the hearing and further develop the medical evidence as needed;
>
> 3) further evaluate the RFC with particular emphasis on the opinion of treating physician Graham Reid, M.D., to which the ALJ gave little weight; and
>
> 4) obtain additional evidence from the Vocational Expert ("VE") with respect to the effect of assessed limitations on Rozivka's occupational base.

On October 1, 2015, the same ALJ held a hearing, and on January 5, 2016, he issued the unfavorable decision that is the subject of this case. (Tr. at 12-23). The Appeals Council denied Rozivka's request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner. Rozivka has requested judicial review.

For the reasons stated below, this Court should reverse the ALJ's decision and remand for further review.

## II. The Commissioner's Decision:

The ALJ found that Rozivka met the insured status requirements through March 31, 2013. (Tr. at 14). He found that she had not engaged in substantial gainful

activity since the alleged onset date of February 8, 2012, although she had earned wages from the Arkansas Department of Parks and Tourism after the alleged onset date. (Tr. at 14-15). At Step Two, the ALJ found that Rozivka has the following severe impairments: coronary artery disease, disorder of the back, a mood disorder, and anxiety. (Tr. at 15).

After finding that Rozivka's impairments did not meet or equal a listed impairment (Tr. at 15), the ALJ determined that Rozivka had the residual functional capacity ("RFC") to perform the full range of sedentary work, except that: (1) she could only occasionally climb, balance, crawl, kneel, stoop, and crouch; (2) she would be able to perform simple, routine, and repetitive tasks in a setting where interpersonal contact is incidental to the work performed; and (3) she could perform jobs where the supervision is simple, direct, and concrete. (Tr. at 16). Next, the ALJ determined that Rozivka was unable to perform any past relevant work. (Tr. at 22). Finally, relying upon the testimony of the Vocational Expert ("VE") at Step Five, the ALJ found that, based on Rozivka's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that she could perform, specifically, document preparation clerk, addressing clerk, and nut sorter. (Tr. at 23). Consequently, the ALJ found that Rozivka was not disabled. *Id.*

## III. **Discussion:**

    A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

B. Rozivka's Arguments on Appeal

Rozivka argues that substantial evidence does not support the ALJ's decision to deny benefits. She contends that the ALJ failed to fully and fairly develop the record; failed to properly assess mental impairments; failed to conduct a proper credibility analysis; and failed in his RFC determination. For the following reasons, the Court agrees with Rozivka.

The ALJ committed reversible error by ignoring the Appeals Council's instruction to consider whether Rozivka's prior application should be reopened. The Commissioner's own regulations provide that an ALJ "shall" take any action ordered by the Appeals Council. 20 C.F.R. § 416.1477(b); *see Jones v. Bowen*, 848 F.2d 109 (8th Cir. 1998)(failure to comply with remand order required reversal). HALLEX, the Commissioner's guide on Hearing and Appeals, sets forth that an ALJ may open a decision that is otherwise final for good cause, especially if new and material evidence is furnished or the prior decision shows clear error. *See* HALLEX, I-2-9-40. The ALJ in this case did not reference the prior decision or application at any point in his 2016 hearing decision. In fact, at the 2015 hearing, he told Rozivka's attorney that he did not know why the Appeals Council referenced the prior determination but that it was "in [his] hands" and he would "work on it." (Tr. at 38). He then told Rozivka's attorney not to worry about the prior determination. *Id*. Then

he failed to even address the prior determination in his hearing decision. His failure to comply with the Appeals Council's order was clear error.

He also did not comply with the Appeals Council's instruction to further develop medical evidence, particularly as it related to the 2012 opinion of Dr. Reid, who treated Rozivka in conjunction with a therapist for several years. (Tr. at 725). Rozvika suffered sexual abuse by her father for much of her youth, and had an abortion at age 12 after her father impregnated her. (Tr. at 562, 630). She wound up working as a stripper and a prostitute, and had serious psychological impairments related to past sexual abuse. (Tr. at 562-564). She suffered nightmares, paranoia, anxiety, and suicidal ideations. (Tr. at 84-85, 565-567, 572-573, 628-632). Dr. Reid diagnosed her with PTSD, Major Depression with anxiety and explosivity, Personality Disorder with histrionic dependency issues, polysubstance abuse, ADHD, and parasomnia. (Tr. at 564, 956). He found, in January 2012, that she had severe reactive issues, was extremely explosive and angry, was very unstable, and would be "hard pressed to work for anyone, particularly a male boss." (Tr. at 565-567). He suggested temporary, if not permanent, disability. (Tr. at 567).

The only opinion evidence related to mental impairments came from Dr. Reid and three state-agency medical consultants, but all of those opinions originated in 2012, four years before the 2016 hearing decision. (Tr. at 632, 640, 714).

Furthermore, in 2013, Rozivka had three inpatient psychiatric hospitalizations, all arising from concrete plans to kill herself. (Tr. at 730-733, 747-751, 800-802, 902, 1181-1185). Before her third hospitalization, she considered hanging herself from a tree or jumping off a cliff. (Tr. at 953, 954). She actually suffered injuries after falling in her attempt to jump off the cliff. *Id*. At that time, she experienced homicidal ideation too, stating that she wanted to drive her vehicle, head on, into another car. *Id.*

Even in the August 16, 2012 opinion, before the inpatient treatment, Dr. Reid stated that Rozvika had "no useful ability to function" in twelve areas of workplace activity. (Tr. at 725). While the state-agency non-examining medical sources opined in 2012 that mental impairments should not preclude all work (Tr. at 640, 714), consulting examiner Dr. Don Ott, Psy.D., determined, in August 2012, that Rozivka's capacity to cope with mental work demands was deficient, and that she was likely overmedicated.[1] At her interview with Dr. Ott, she appeared depressed, angry, distraught, and tearful, with pressured speech and labile mood. (Tr. 628). She

---

[1]Rozivka had a history of compliance with therapy and psychiatric medication, which did not provide satisfactory relief. After her hospitalizations in 2013, she ran out of money to afford mental health treatment or medication, although she worked part time (with accommodations from her employer) to try and afford treatment. At the time of her second hearing, Rozivka had a judgment against her for failure to pay an ambulance bill. She was living in a small cabin with no water or electricity. (Tr. at 42-43, 48, 82-83, 89).

explained that her daughter shopped for her and did household chores. (Tr. at 630).

While on the one hand the ALJ gave little weight to the opinions of state medical consultants concerning physical impairments because they did not have evidence after 2012 (Tr. at 19), on the other hand he assigned great weight to the 2012 state-agency mental health opinions, which also did not consider any evidence after 2012 (Tr. at 22). This inconsistency is troubling. The three inpatient hospitalizations in 2013 certainly deserved further review; the Appeals Council directed further development of medical evidence, which would certainly include post-2012 psychiatric opinions. The ALJ did not seek any additional psychiatric opinions. An ALJ has a duty to develop the record fully, even when the claimant is represented by counsel, and must order a consultative examination if it is necessary to make an informed decision. *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

A failure to follow the Appeals Council's direction to further develop the record is grounds for reversal. *See Lok v. Barnhart*, 2005 U.S. Dist. LEXIS 20836 *20 (E.D. Pa. Sept. 22, 2005) (absent development of critical evidence, "the ALJ remains in the same position as he was at the conclusion of the first hearing, that is, lacking substantial evidence on which to base a finding.")

These reasons are sufficient for remand, but the Court also notes that treating doctors assigned significant functional restrictions to Rozivka due to heart and back

conditions. (Tr. at 1151-1154). These restrictions (taking multiple breaks and lying supine during the workday) were supported by treatment records and testimony, but the ALJ did not include them in the RFC.[2] *Id*. This constituted error.

## V. **Conclusion:**

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. The ALJ failed to comply with the Appeals Council's remand order; arrived at an RFC determination that did not account for all of Rozivka's limitations; and failed to acknowledge any of the substantial medical evidence supporting Rozivka's claim that she is disabled.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be REVERSED and the case be REMANDED for further review.

DATED this 28th day of November, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2]The ALJ bears the primary responsibility for assessing a claimant's RFC– that is, what he or she can still do, in spite of severe impairments. The finding must be based on all relevant evidence in the record. *Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir. 2010).